UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARLON JEROME
MCDONALD,

        **Plaintiff,**

v.                          **Case No: 6:26-cv-1118-PGB-NWH**

BOUNCE AI, INC.,
TRANSUNION LLC, EXPERIAN
INFORMATION SOLUTIONS,
LLC, BMG MONEY, INC. and
BMG LOANSATWORK, LLC,

        **Defendants.**
_____/

## ORDER

This cause comes before the Court on a *sua sponte* review of the file. For the reasons set forth below, *pro se* Plaintiff Marlon Jerome McDonald's ("**Plaintiff**") Complaint (Doc. 1 (the "**Complaint**")) is dismissed without prejudice as a shotgun pleading.[1]

## I.    BACKGROUND

On May 20, 2026, Plaintiff initiated this suit against Defendants Bounce AI, Inc.; TransUnion LLC; Experian Information Solutions, LLC; BMG Money, Inc.; and BMG LoansAtWork, LLC (collectively, the "**Defendants**"). (Doc. 1). In the Complaint, Plaintiff brings twelve claims against Defendants arising from their

---

[1]    Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

purported violations of provisions of the Fair Credit Reporting Act (Counts I through VII), the Fair Debt Collection Practices Act (Count VIII through X), the Florida Deceptive and Unfair Trade Practices Act (Count XI), and Florida Statute § 772.103 (Count XII). (*Id.* ¶¶ 46–90). Of relevance to the instant Order, in the first paragraph under each successive count, Plaintiff "incorporates by reference all preceding paragraphs." (*Id.* ¶¶ 46, 51, 55, 58, 62, 65, 68, 72, 76, 79, 82, 86).

## II.    STANDARD OF REVIEW

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "'If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader.'" *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam)[2] (affirming the district court's *sua sponte* dismissal of a shotgun pleading).

There are four general categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and

---

[2]    "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

## III.    DISCUSSION

Put simply, Plaintiff's Complaint falls within the first category of shotgun pleadings identified by *Weiland*. *See id.* at 1321–23. The first paragraphs of Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, and XII each incorporate all preceding paragraphs. (Doc. 1, ¶¶ 51, 55, 58, 62, 65, 68, 72, 76, 79, 82, 86). Plaintiff's successive adoption of all preceding paragraphs at the start of each count folds in each previous count's allegations, making the Complaint a textbook example of the first category of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23. Instead, Plaintiff must specifically identify only those paragraphs relevant to the claim at issue if Plaintiff chooses to restate and reallege such claims. Consequently, the Court *sua sponte* dismisses Plaintiff's Complaint as a shotgun pleading with repleader necessary to cure these defects.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**; and

2.   On or before **June 9, 2026**, Plaintiff may file an amended complaint consistent with the directives of this Order. Failure to timely file an amended complaint may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on May 26, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties