UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARLON JEROME
MCDONALD,

              **Plaintiff,**

v.

              **Case No: 6:26-cv-1118-PGB-NWH**

BOUNCE AI, INC.,
TRANSUNION LLC, EXPERIAN
INFORMATION SOLUTIONS,
LLC, BMG MONEY, INC. and
BMG LOANSATWORK, LLC,

              **Defendants.**

_____/

## ORDER

This cause comes before the Court on a *sua sponte* review of the file. For the reasons set forth below, *pro se* Plaintiff Marlon Jerome McDonald's ("**Plaintiff**") First Amended Complaint (Doc. 13 (the "**Amended Complaint**")) is dismissed without prejudice as a shotgun pleading.[1]

## I.    BACKGROUND

On May 20, 2026, Plaintiff initiated this suit against Defendants Bounce AI, Inc.; TransUnion LLC; Experian Information Solutions, LLC; BMG Money, Inc.; and BMG LoansAtWork, LLC (collectively, the "**Defendants**"). (Doc. 1 (the "**Initial Complaint**")). In the Initial Complaint, Plaintiff brought twelve claims

---

[1]    Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

against Defendants arising from their purported violations of provisions of the Fair Credit Reporting Act (Counts I through VII), the Fair Debt Collection Practices Act (Count VIII through X), the Florida Deceptive and Unfair Trade Practices Act (Count XI), and Florida Statute § 772.103 (Count XII). (*Id.* ¶¶ 46–90). Of relevance to the instant Order, in the first paragraph under each successive count, Plaintiff "incorporate[d] by reference all preceding paragraphs." (*Id.* ¶¶ 51, 55, 58, 62, 65, 68, 72, 76, 79, 82, 86).

On May 26, 2026, acting *sua sponte*, the Court dismissed the Initial Complaint without prejudice after finding it was a shotgun pleading. (Doc. 8 (the "**Dismissal Order**")). In the Dismissal Order, the Court explained that the defect in the Initial Complaint was that "[t]he first paragraphs of Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, and XII each incorporate all preceding paragraphs," requiring repleader by Plaintiff. (*Id.* at 3). As a result, the Court ordered Plaintiff to file an amended complaint curing these defects on or before June 9, 2026. (*Id.* at p. 4).

Plaintiff timely filed an Amended Complaint as required by the Dismissal Order. (Doc. 13). The Court notes that the Amended Complaint contains additional causes of action and includes a total of sixteen counts. (*Id.* ¶¶ 53–108). Yet, much like the Initial Complaint, the first paragraphs of Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, and XVI each incorporate all proceeding paragraphs. (*Id.* ¶¶ 58, 62, 65, 69, 72, 75, 79, 82, 84, 86, 89, 93, 97, 101, 105).

## II.   STANDARD OF REVIEW

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "'If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader.'" *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam)[2] (affirming the district court's *sua sponte* dismissal of a shotgun pleading).

There are four general categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

## III.   DISCUSSION

Put simply, Plaintiff's Amended Complaint once again falls within the first category of shotgun pleadings identified by *Weiland. See id.* at 1321–23. The first paragraphs of Counts II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, and XVI each incorporate all preceding paragraphs. (*Id.* ¶¶ 58, 62, 65, 69, 72, 75, 79, 82, 84, 86, 89, 93, 97, 101, 105). Plaintiff's successive adoption of all preceding paragraphs at the start of each count folds in each previous count's allegations, making the Amended Complaint another textbook example of the first category of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23. Once again, the Court instructs Plaintiff that he must specifically identify only those paragraphs relevant to the claim at issue if Plaintiff chooses to restate and reallege such claims. Consequently, the Court *sua sponte* dismisses Plaintiff's Amended Complaint as a shotgun pleading with repleader necessary to cure these defects.

The Court additionally notes that Plaintiff has made substantive changes to the Initial Complaint when repleading his allegations. (*Compare* Doc. 1, *with* Doc. 13). These substantive amendments to the Initial Complaint were expressly permitted by Federal Rule of Civil Procedure 15. *See* FED. R. CIV. P. 15(a)(1)(A) (permitting a party to amend a pleading "once as a matter of course no later than

21 days after serving it . . . ."). However, inasmuch as Plaintiff has now exhausted his ability to amend "once as a matter of course," the Court cautions Plaintiff that he may not make further substantive changes to the allegations unless he obtains the consent of the opposing parties or the Court's leave. *See* FED. R. CIV. P. 15(a)(1)(A), (a)(2). Consequently, while Plaintiff must file a second amended complaint that corrects the deficiencies identified by the Court in this Order, Plaintiff may not make additional alterations to the Amended Complaint absent his opponents' consent or the Court's leave. *See id.*

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Amended Complaint (Doc. 13) is **DISMISSED WITHOUT PREJUDICE**; and

2. On or before **July 7, 2026**, Plaintiff shall file a second amended complaint consistent with the directives of this Order. Failure to timely file a second amended complaint that corrects the deficiencies identified by the Court herein may result in dismissal of this action *with prejudice* without further notice.

**DONE AND ORDERED** in Orlando, Florida on June 23, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

5

Copies furnished to:

Counsel of Record
Unrepresented Parties

6